IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANTHONY MARCOS CHADWELL, | Cause No. CV 22-49-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER |
| OFFICER STULL, | |
| Defendant. | |

Twice, this Court directed the U.S. Marshals to serve Plaintiff Anthony Marcos Chadwell's Complaint on Defendant Officer Stull, at addresses provided by Chadwell. (Docs. 15 and 20.) Twice, the Marshals filed the summons unexecuted, stating that Defendant could not be located at the address provided by Plaintiff. (Docs. 18 and 22.)

On September 28, 2022, the Court ordered Chadwell to provide a new address for Defendant and advised him that his suit would be dismissed if he failed to do so by October 28, 2022. (Doc. 23.) Chadwell did not provide a new address but instead moved for the appointment of an investigator to locate Defendant Stull. (Doc. 24.)

Chadwell is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. 28 U.S.C. § 1915(d) provides, "the officers of the court shall issue and serve all process, and perform all duties in such cases." Accordingly, the Court has the

1

responsibility of having the Complaint properly served upon Defendant. *See Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). However, a plaintiff proceeding in forma pauperis still must provide accurate and sufficient information to effect service. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*overruled on other grounds Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)); *see also* Fed. R. Civ. P. 4.

When a plaintiff proceeding in forma pauperis fails to provide the Court with accurate and sufficient information to effect service of the summons and complaint, the Court may *sua sponte* dismiss the unserved defendant. *Walker*, 14 F.3d at 1422. In this matter, the Court is unable to direct the Marshals how to serve Defendant Stull. While the difficulties facing Chadwell in locating Defendant are understandable, there is no legal authority for the Court to appoint an investigator to do that work for him. His motion will be denied.

Fed. R. Civ. P. 4(m) provides that if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Dismissal without prejudice means that should Caldwell locate Defendant Stull, he may file his suit again, so long as the statute of limitations has not run.

Having provided Chadwell with notice of potential dismissal in its previous

2

Order, the Court now enters the following:

## ORDER

1. Plaintiff's motion for the appointment of a private investigator is DENIED. (Doc. 24.)

2. This matter is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to enter judgment in accordance with Fed. R. Civ. P. 58.

DATED this 31st day of October, 2022.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge